```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :
v.                                         :         OPINION AND ORDER
                                           :
                                           :         24 CR 62 (VB)
WILLIAM REESE,                             :
                        Defendant.         :
--------------------------------------------------------------x
```

Briccetti, J.:

By motion dated April 15, 2024 (Doc. #17), defendant William Reese seeks to strike the allegation in the indictment that he "had at least three previous convictions for offenses committed on occasions different from one another" (Doc. #14), as necessary to support a sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  ACCA imposes a 15-year mandatory minimum sentence for a felon convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e).

Reese argues the ACCA allegation should be stricken from the indictment for two reasons.  First, he argues ACCA is unconstitutional because it requires a jury to review unfairly prejudicial evidence of past convictions.  Second, he argues the statutory language "committed on occasions different from one another," often referred to as the "Occasions Clause," is void for vagueness on its face.  In the alternative, Reese argues the indictment should be redacted and his trial should be bifurcated.  The government opposes the motion to strike but consents to the request for a bifurcated trial.  (Doc. #28).

For the reasons set forth below, the motion to strike is DENIED.

1

**DISCUSSION**

I.  Fifth and Sixth Amendment Challenge

Reese argues ACCA violates the Fifth and Sixth Amendments because the Constitution requires a jury, not a judge, to make factual determinations that would increase his sentence, but introducing evidence of his prior criminal history to a jury, as required by the Occasions Clause, is unfairly prejudicial and thus violates the Fifth Amendment's Due Process Clause.

The Court disagrees.

Only a jury may find "facts that increase the prescribed range of penalties to which a criminal defendant is exposed." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).[1]  This principle applies both "when a judge seeks to issue a sentence that exceeds the maximum penalty authorized by a jury's findings (or a guilty plea)" and "when a judge seeks to increase a defendant's minimum punishment." Erlinger v. United States, 144 S. Ct. 1840, 1851 (2024).

The Occasions Clause requires "an examination of a 'range' of facts, including whether the defendant's past offenses were 'committed close in time,' whether they were committed near to or far from one another, and whether the offenses were 'similar or intertwined' in purpose and character." Erlinger v. United States, 144 S. Ct. at 1847 (quoting Wooden v. United States, 595 U.S. 360, 369 (2022)).  Given the "intensely factual nature of this inquiry and the impact its resolution can have on a defendant's sentence," id. at 1847–48, the Supreme Court ruled earlier this year (after Reese filed the instant motion) that a defendant is "entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt." Id. at 1852.

---

[1]  Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Nevertheless, Rese argues the Supreme Court's decision in Erlinger does not address his argument that an Occasions Clause inquiry performed by a jury violates the Fifth Amendment's Due Process Clause. Rather, Reese argues ACCA is a sentence enhancement provision that Congress intended to be determined by a judge, and that Congress never intended for a jury to hear the prejudicial evidence of a defendant's prior felony convictions, even at the occasions inquiry stage of a bifurcated trial.

As an initial matter, ACCA is silent as to whether a judge or jury must resolve the occasions inquiry. Moreover, the Supreme Court in Erlinger would not have thrust that responsibility exclusively upon juries if it believed Congress intended only for judges to resolve such questions. Accordingly, the Court does not agree with Reese that Congress did not intend for a jury to consider ACCA's occasions inquiry.

In addition, the Supreme Court squarely addressed the risk of prejudice an occasions inquiry presents, recognizing "traditional tools exist to address the prejudicial effect evidence about a defendant's past crimes can have on a jury." Erlinger v. United States, 144 S. Ct. at 1859. "Most obviously, a court can bifurcate the proceedings," such that a jury is presented with evidence of the defendant's prior offenses only after determining "the government has proved the elements of the § 922(g) felon-in-possession charge." Id. "[B]y sequencing and separating the jury's determinations, a court decreases the likelihood that a jury will be overpersuaded by the defendant's prior criminal conduct." Id.

Reese nonetheless argues bifurcation "is not sufficient to resolve the serious due process issues presented by inclusion of the ACCA allegations in the indictment" because "the 'occasions stage' of a bifurcated trial would itself be irrevocably prejudiced by presenting

3

myriad details about the defendant's prior convictions to a jury." (Doc. #29 at ECF 2–3).[2]  But that argument is belied by the Supreme Court's approval of bifurcated proceedings in this context.  And Reese himself specifically requested bifurcated proceedings in this case should the Court decline to strike the ACCA allegation.  Moreover, other tools are available to address the risk of undue prejudice, such as cautionary instructions and the exclusion of evidence whose probative value is substantially outweighed by a danger of unfair prejudice under Rule 403 of the Federal Rules of Evidence.  Thus, the risk of prejudice can be properly addressed and does not violate a defendant's due process rights.

Accordingly, the Court finds presenting ACCA's occasions inquiry to a jury in a bifurcated proceeding would not violate Reese's Fifth or Sixth Amendment rights.

II.     Vagueness Challenge

Reese also argues the Occasions Clause is unconstitutionally vague on its face.

The Court disagrees.

A.     Legal Standard

A criminal statute violates the Fifth Amendment's Due Process Clause if it is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."  Johnson v. United States, 576 U.S. 591, 595 (2015).  This principle applies equally to statutes defining elements of crimes and statutes fixing sentences.  Id. at 596.

A criminal statute is void "on its face" if "it is so fatally indefinite that it cannot constitutionally be applied to anyone."  United States v. Requena, 980 F.3d 30, 39 (2d Cir.

---

[2]     "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

2020). "A facial challenge is 'the most difficult challenge to mount successfully' because, as a general matter, 'the challenger must establish that no set of circumstances exist under which the Act would be valid." Copeland v. Vance, 893 F.3d 101, 110 (2d Cir. 2018) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)). Generally, when "the interpretation of a statute does not implicate First Amendment rights, it is assessed for vagueness only 'as applied,' i.e., in light of the specific facts of the case at hand and not with regard to the statute's facial validity." United States v. Rybicki, 354 F.3d 124, 129 (2d Cir. 2003) (en banc).

The Supreme Court has recognized non-First Amendment facial vagueness challenges in two circumstances. See Dickerson v. Napolitano, 604 F.3d 732, 743 (2d Cir. 2010). First, a plurality of the Supreme Court has suggested "a criminal law lacking a mens rea requirement and burdening a constitutional right 'is subject to facial attack when vagueness permeates the text of such a law, even if that law does not impinge on rights guaranteed by the First Amendment specifically." United States v. Requena, 980 F.3d at 39. Second, the Supreme Court struck down three statutes that required courts to evaluate whether the "idealized ordinary case" of a criminal offense constitutes a "violent felony" or a "crime of violence." Id. at 39–40.

B.   Analysis

Reese raises only a facial vagueness challenge by this motion.

However, none of the three circumstances in which courts consider facial vagueness challenges exist here. First, ACCA does not implicate the First Amendment. Second, although ACCA is a criminal law lacking a mens rea requirement, it does not burden a constitutional right. Third, the Occasions Clause does not require a jury to "estimate the degree of risk posed by the imagined 'idealized ordinary case' of a criminal offense, abstracted from the defendant's actual conduct." United States v. Requena, 980 F.3d at 41–42. Accordingly, Reese cannot bring a

5

facial vagueness challenge, and has expressly disclaimed any as-applied challenge at this stage. (Doc. #19 at 8 n.3).

Even if the Court could consider a facial vagueness challenge, Reese's argument that the Occasions Clause "is vague as applied to all possible prosecutions" fails because "precedent definitively establishes that [he] cannot establish that no set of circumstances exist under which [the Occasions Clause] would be valid." United States v. Requena, 980 F.3d at 40. The Supreme Court's decision in Wooden v. United States is a prime example. All members of the Court agreed the burglary of ten storage units on a single night, at the same one-building storage facility with one address, with each burglary part and parcel of the same scheme, actuated by the same motive, and accomplished by the same means, constituted a single offense under ACCA. 595 U.S. at 370.

Although the Second Circuit has not addressed this issue, multiple circuit courts have rejected vagueness challenges to the Occasions Clause. See, e.g., United States v. Morris, 821 F.3d 877, 880 (7th Cir. 2016); United States v. Jenkins, 770 F.3d 507, 510 (6th Cir. 2014); United States v. Michel, 446 F.3d 1122, 1136 (10th Cir. 2006); United States v. Jones, 2022 WL 1763403, at *3 (11th Cir. June 1, 2022) (per curiam). Although these decisions predate the Supreme Court's decision in Erlinger requiring a jury to resolve an occasions inquiry, their reasoning remains sound. The multifactor test laid out in Wooden requires a factfinder to consider the time, location, and character and relationship of the offenses in resolving an occasions inquiry. 595 U.S. at 369–70. This "straightforward and intuitive" approach ensures non-arbitrary enforcement of the Occasions Clause by judges and juries alike. Id. at 369; see United States v. Jones, 2022 WL 1763403, at *3 (holding the Occasions Clause "permits non-arbitrary enforcement through Wooden's multifactor test").

The Court rejects Reese's argument that ACCA is standardless because Wooden's multifactor test could result in conflicting outcomes for defendants with similar facts. Reese points to no cases in which courts have come out differently on similar facts using the Wooden test. See Wooden v. United States, 595 U.S. at 369. And, in any event, "[i]t is manifest that conflicts between courts over the interpretation of a criminal statute do not in and of themselves render that statute unconstitutionally vague." United States v. Morrison, 686 F.3d 94, 104 (2d Cir. 2012).

Accordingly, the Court finds the Occasions Clause is not unconstitutionally vague on its face.

\*   \*   \*

Due to the prejudice concerns Reese raises, the Court agrees that should this case proceed to trial, it is appropriate to redact the indictment for use at trial, bifurcate the trial, and prohibit the government from submitting evidence relevant to the ACCA allegation unless and until the jury convicts defendant on the predicate felon-in-possession offense under Section 922(g).

## CONCLUSION

The motion to strike is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #17).

Dated: August 23, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

7